**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1490V
(not to be published)

| | |
|---|---|
| BARBARA BOWIE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: December 15, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Excessive Billing |

*Jennifer Leigh Allen*, Allen Law LLC, Ellicott City, MD, for Petitioner.

*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 27, 2018, Barbara Bowie filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she developed Guillain-Barré syndrome as a result of an influenza vaccine administered on October 16, 2015. (Petition at 1). On February 17, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 47).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed two motions for attorney's fees and costs, both dated August 27, 2021. The first motion is for prior counsel, Ryan Ritchie of Wilson & Parlett, requesting an award of $17,428.12 - $16,895.00 in fees and $563.12 in costs. (ECF No. 54). Petitioner's second motion is for present counsel, Jennifer Allen of Allen Law, LLC, and requests an award of $10,956.42, representing $10,845.00 in fees and $111.42 in costs. (ECF No. 55). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 51). Respondent reacted to the motions on August 31, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 56). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Although Petitioner filed a separate motion for attorney's fees and costs for each attorney that represented her on her case, I will treat this decision as if Petitioner filed one motion.

### A. Hourly Rates

Petitioner requests the following rates for her attorneys as follows:

- Ryan P. Richie         $375 per hour for 2017 – 2020;

- Jennifer L. Allen      $225 per hour for 2017 – 2021; and

- Michelle Dillion (paralegal) $155 per hour for 2017 – 2020.

(ECF No. 54-2 at 4; ECF No. 55 -2 at 3).

First, I will address the requested rate of Ryan P. Ritche. As of 2021, Mr. Richie has been a licensed attorney for 21 years, placing him in the range of attorneys with 11 – 19 years' experience for time billed in 2017 – 2019, and for 2020 in the range of attorneys with 20 - 30 years' experience, based on the OSM Attorneys' Forum Hourly Rate Schedule.[3] (ECF No. 54-3 at 1). As this is Mr. Richie's first case in the Program, however, it cannot be said that he possesses demonstrated Vaccine Act experience. It is therefore improper for him to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates for Mr. Ritchie to the following rates: $325 per hour for 2017; $340 per hour for 2018; $360 per hour for 2019;

---

[3] The of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

3

and the requested rate of $375 per hour for 2020. Application these rates reduces the amount of fees to be awarded by **$784.50**.[4]

Secondly, I will address the requested rate of Jennifer L. Allen. As of 2021, Ms. Allen has been a licensed attorney for 4 years, placing her in the range of attorneys with less than 4 years' experience for time billed in 2017 – 2020 and 4 – 7 years' experience for time billed in 2021. (ECF No. 55-3 at 1). Just as Mr. Richie, this is Ms. Allen's first case in the Vaccine Program, and it is improper for her to receive rates similar to the comparable-experienced attorneys in the Program. (Ms. Allen was employed at the firm of Wilson & Parlett before changing firms to Allen Law, LLC). I therefore find it reasonable to reduce Ms. Allen's requested rates to the following: $165 per hour for 2017; $180 per hour for 2018; and $200 per hour for 2019. I will award the requested rate of $225 per hour for time billed in 2020 and 2021. Application of these rates reduces the fees to be awarded for Ms. Allen's work while at Wilson & Parlett in the amount of **$517.50**.[5]

Lastly, I will address the requested rate of $155 per hour for paralegal Michelle Dillion. (ECF No. 54-2 at 4). This sum exceeds the range for paralegals in 2017 and 2018. While Ms. Dillion may have ample experience performing her job, that experience is not in the Vaccine Program. I find it reasonable to reduce Ms. Dillion's paralegal rate to that of $135 per hour for all time billed. Application of the reduced paralegal rate reduced the request for attorney fees for work at Wilson & Parlett in the amount of **$86.00**.[6]

### B. Excessive Billing

I also find that billing entries include tasks that reflect excessive billing. The Vaccine Act provides broad discretion to special masters in determining a reasonable amount of fees and costs. *See* Section 15(e)(1). While Petitioner is entitled to an award of attorney's fees, I find several tasks billed by both Mr. Richie and Ms. Allen to be excessive.

These entries include the following:

---

[4] This amount consists of: ($375 - $325 = $50 x 2.1 hrs = $105) + ($375 - $340 = $35 x 17.7 hrs = $619.50) + ($375 - $360 = $15 x 4 hrs = $60) = $784.50.

[5] This amount consists of: ($225 - $165 = $60 x 5.4 hrs = $324) + ($225 - $180 = $45 x 2.8 hrs = $126) + ($225 - $200 = $25 x 2.7 hrs = $67.50) = $517.50.

[6] This amount consists of: $155 - $135 = $20 x 4.3 hrs = $86.00.

- October 16, 2018 "Filed additional medical records and Statement of Completion" (3.2 hrs) (No medical records were filed on this date; A two-page statement of completion was filed at ECF No. 14).;

- June 3, 2019 "Drafted and Filed Notice of Intent to Remain in the Program" (1.2 hrs). (A Notice of Intent consisting of a single paragraph was filed at ECF No. 19. A one-page Statement of Completion was filed at ECF No. 20).;

- September 25, 2020 "Filed updated records, statement of completion, notice of filing, etc. (1.5 hrs). (One PDF of medical records was filed at ECF No. 41. A single paragraph Statement of Completion was filed at ECF No. 42).;

- February 28, 2021 "Drafted and filed Joint Notice Not to Seek Review" (1.7 hrs). (A single page Joint Notice Not to Seek Review was filed at ECF No. 48).;

- March 9, 2021 "Drafted and filed Election to Accept judgment and General Order No. 9" (1.8 hrs). (A single paragraph Election to Accept judgment was filed at ECF No. 50. A single paragraph General Order No. 9 was filed at ECF No. 51).; and

- June 15, 2021 "Client meeting to disburse check and give a copy of the file" (2.6 hrs). (Disbursement of check and copies of file can be sent by mail).

I am unable to determine the appropriate amount of time that should be billed for each of these entries. Based on the average time billed by more experienced attorneys in the program, these rates are considered excessive. Therefore, a reduction in the number of hours for these tasks is appropriate. I will reduce each request for attorney's fees for by 5 percent each, resulting in a reduction of **$775.35** in fees from Wilson & Parlett, and **$542.25** from Allen Law, LLC.[7]

## ATTORNEY COSTS

Petitioner requests $563.12 in costs incurred at Wilson & Parlett (ECF No. 59 at 1) and $111.42 in costs incurred at Allen Law, LLC (ECF No. 60). This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

---

[7] The amount from Wilson & Parlett consists of $15,507 – 5% = $14,731.65. The amount from Allen Law, LLC consists of $10,845 – 5% = $10,302.75.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $25,708.94[8] as follows:**

- **A lump sum of $10,414.17, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Allen Law, LLC; and**

- **A lump sum of $15,294.77, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Wilson & Parlett.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.